IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD J. PENNICK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | CASE NO. 2:05-cv-26-MEF |
| | ) | (WO-Not Recommended for Publication) |
| RONALD G. WILKINSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

This lawsuit arises out of an automobile accident in which a vehicle, driven by defendant Ronald G. Wilkinson (hereinafter "Wilkinson"), collided with a vehicle stopped for a traffic signal. Plaintiff Edward J. Pennick ("Pennick") was the driver of the vehicle stopped at the traffic signal which Wilkinson struck. Pennick brings this action under Alabama law alleging that Wilkinson negligently and wantonly caused the accident.

This cause is before the Court on the Defendant's Motion for Partial Summary Judgment (Doc. # 10) filed by Wilkinson on November 29, 2005. The Court has carefully considered the arguments made in support of and in opposition to the motion, and for the reasons set forth below, the Court finds that the motion is due to be DENIED.

### I. JURISDICTION AND VENUE

Subject-matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts*."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added).  A plaintiff must present evidence demonstrating that he can establish the

basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III. FACTS AND PROCEDURAL HISTORY

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion for partial summary judgment. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts.

On the afternoon of June 11, 2003, Pennick was driving up Norman Bridge Road in Montgomery, Alabama. He stopped his vehicle at a traffic light which was red. About ten or fifteen seconds after he stopped for the light, he heard tires screeching and the next thing he knew was that his vehicle had been struck from behind and propelled across the road. Just before impact, Pennick got a brief glimpse of the car about to hit in his rear view mirror.

Wilkinson was driving the vehicle which struck Pennick's. Wilkinson resides in Montgomery and lives not far from the intersection where the accident occurred. He was returning to his residence after visiting his son in Lowndes County and in an area with which

he was familiar.

Pennick estimates that Wilkinson's vehicle[1] must have been traveling 40 or 45 miles per hour at the time of the collision. Wilkinson does not know how fast he was going at the time of the collision. Road conditions were dry at the time of the accident. Wilkinson admits that as he approached the intersection where the collision occurred he took his eyes off the road to look for his cell phone. He also admits that the stretch of road over which he drove before reaching the site of the collision afforded drivers the opportunity to see the traffic signal at which Pennick's vehicle was stopped for several blocks.

Pennick filed this lawsuit on January 11, 2005 and invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1332. It is undisputed that Pennick is a resident citizen of Georgia and Wilkinson is a resident citizen of Alabama. By his Complaint (Doc. # 1), Pennick sought compensatory and punitive damages in excess of $75,000 for Wilkinson's alleged negligence and wantonness in causing Pennick injury as a result of the collision. On November 29, 2005, Wilkinson filed a motion for partial summary judgment seeking judgment as a matter of law on Pennick's wantonness claim.

## IV.  DISCUSSION

**A.   Applicable Law**

When a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v.*

---

[1] Wilkinson was driving a Dodge Durango.

*Tompkins*, 304 U.S. 64, 78 (1938). The *Erie* doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of- law rules. *Strochak v. Federal Ins. Co.,* 109 F.3d 717, 719-20 (11th Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because Pennick's claims sound in tort, Alabama's choice-of-law rules require this Court to apply Alabama law:

> *Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.

*Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991) (citations omitted).

**B. Pennick's Wantonness Claim**

Wilkinson moves for summary judgment on only Plaintiff's wantonness claim arguing that he cannot prove the essential elements of the claim. Under Alabama law, to survive summary judgment on the issue of wantonness, Plaintiff must provide substantial evidence creating a genuine issue of material fact that Wilkinson acted with reckless or with conscious disregard to the rights or safety of others in his operation of his vehicle. *Ala. Code § 6-11-20;*[2] *Monroe v. Brown,* 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004) (Thompson, J.)

---

[2] The statute provides:

Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with disregard to the plaintiff . . . WANTONNESS. Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

("Wantonness . . . has been defined by the Supreme Court of Alabama as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result."); *Tolbert v. Tolbert,* 903 So. 2d 103, 115 (Ala. 2004) (affirming summary judgment on a wantonness claim arising from an automobile accident where evidence did not establish "more than a showing of some form of inadvertence on the part of the driver or that it rose to the required showing of some degree of consciousness on the part of the defendant that injuries are likely to result from his act or omissions") (citations omitted).[3]

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wantonness, willful, or reckless misconduct is an acting, without knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury . . . Wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act . . .

*Tolbert,* 903 So.2d at 115 (internal quotations and citations omitted).  "What constitutes wanton misconduct depends on the facts presented in each particular case." *Id.*

---

Ala. Code § 6-11-20(b)(3) (1975).

   [3] In *Tolbert,* a child and his grandmother were traveling by car in a light rain. As the car traveled downhill, the child's grandmother failed to negotiate an "S" curve, skidded into the opposing lane of traffic and collided with another vehicle. The child, the child's grandmother, and the driver of the other vehicle were all killed. The child's father filed a wrongful death action against the grandmother's estate, claiming the grandmother was operating her vehicle wantonly. *See* 903 So. 2d 103.

Although, under *Erie,* this Court must apply the Alabama definition of wantonness, "in diversity cases federal courts apply a federal rather than state test in determining the sufficiency of the evidence to create a jury question . . ." *Salter v. Westra,* 904 F.2d 1517, 1524 (11th Cir. 1990). In the context of summary judgment in the federal arena, the test is whether, in viewing the substantial evidence in the light most favorable to the plaintiff, a genuine issue exists for trial. *Monroe,* 307 F. Supp. 2d at 1271.

To survive summary judgment, Pennick must establish a genuine issue of fact as to whether Wilkinson (1) acted consciously when he removed his attention from the road to search for a cellular phone while speeding down a street he knew to have intersections with traffic signals, and (2) was conscious, based on existing conditions, that injury was a likely or probable result of his actions. *See Monroe*, 307 F. Supp. 2d at 1272.[4] Under the first

---

[4] In *Monroe,* tractor-trailer driver Brown rear-ended the Monroes' vehicle while they were sitting at a red traffic light in Montgomery, Alabama. 307 F. Supp. 2d 1268. The collision occurred when Brown, thinking that the Monroes would proceed through the intersection under the yellow caution signal, accelerated to proceed through as well. The Monroes, however, chose not to proceed through the intersection, they stopped. Brown's tractor-trailer collided with the Monroes' vehicle. The Monroes claimed negligence and wantonness seeking compensatory and punitive damages. Brown filed a motion for summary judgment on the Monroes' wantonness claim. *Id.* Based on the detailed factual evidence which presented a clear picture of the events underlying the collision, the court found that Brown decided to accelerate as he approached the intersection in an attempt to run a yellow light, "a conscious act that, at least, contributed to the accident." *Id.* at 1273. The court also found that Brown was conscious, based on the existing conditions, that injury was a likely or probable result of his acceleration in his attempt to run the yellow light. The court noted that Brown "had a duty to begin to slow his vehicle *and* keep sufficient distance between his tractor-trailer and the [Monroe vehicle] as they approached the yellow light so that he would not collide with the Monroes should [they] decide to stop rather than proceed through the yellow light. Instead, Brown consciously chose to accelerate and, thereby, consciously created a greater danger for all concerned." *Id.* at 1275 (emphasis in original). Brown's motion for summary judgment was denied under the summary judgment standard set out herein (whether, in viewing the substantial evidence in the light most favorable to the plaintiffs, a genuine issue exists for trial). *Id.* at 1271, 1276. Although the facts

prong of the *Monroe* analysis, the substantial evidence, viewed in the light most favorable to Pennick, reflects that Wilkinson intentionally exceeded the posted speed limit in an area he knew to have traffic signals and intersections and removed his attention from his operation of his vehicle to search for a cell phone, conscious actions which contributed to the collision. The second prong of the *Monroe* analysis is problematic. This Court is asked to infer a state of mind, a conscious disregard, or a lack thereof on the part of Wilkinson by taking these actions. However, the Court must remain mindful of the Supreme Court of Alabama's admonition that "[w]antonness should be submitted to the jury unless there is a total lack of evidence from which the jury could reasonably infer wantonness." *McDougle v. Shaddrix*, 534 So. 2d 228, 231 (Ala. 1988). In viewing the evidence presented in the light most favorable to Pennick, this Court finds that the question of the state of mind of Wilkinson as to whether he acted with conscious disregard of the safety of others is best left to the jury. The Court thus concludes that summary judgment is inappropriate. *See, e.g.*, *Monroe,* 307 F. Supp. 2d at 1276; *Hicks v. Dunn,* 819 So. 2d 22 (Ala. 2001); *Clark v. Maddox,* 630 So. 2d 1012 (Ala. 1993).

---

before this Court in the instant case are somewhat distinguishable from the facts of *Monroe,* the factual analysis set out in *Monroe* is current, instructive, and persuasive.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Partial Summary Judgment (Doc. # 10) is DENIED.

DONE this the 24th day of January, 2006.

                                              /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE