IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD J. PENNICK, | ) |
| | ) |
|     PLAINTIFF, | ) |
| v. | )   CASE NO. 2:05-cv-26-MEF |
| | )   (WO-Not Recommended for Publication) |
| RONALD G. WILKINSON, | ) |
| | ) |
|     DEFENDANT. | ) |

## **MEMORANDUM OPINION AND ORDER**

Progressive Specialty Insurance Company ("Progressive") filed a Motion for Permissive Intervention (Doc. # 24) on March 16, 2006. Progressive is the liability insurer for the defendant in this action. Pursuant to Federal Rule of Civil Procedure 24(b), Progressive seeks to intervene for the purpose of requesting special interrogatories to the jury. This case is set for trial commencing on April 3, 2006.

Federal Rule of Civil Procedure 24(b), which addresses permissive intervention, provides, in pertinent part, that:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). The court is not persuaded that Progressive has made a timely application to intervene. This factor balances in favor of denying the intervention sought. Moreover, Progressive seeks to intervene solely to request that the court submit a verdict

form to the jury that includes separate interrogatories for compensatory and punitive damages, assuming that the jury is charged on punitive damages. The court intends to use a verdict form which includes separate interrogatories for compensatory and punitive damages, assuming that both types of damages claims before the jury. Accordingly, there is no need for Progressive to intervene for the purpose of requesting those special interrogatories to the jury. The court sees no reason to allow the intervention sought by Progressive. Accordingly, the Motion for Permissive Intervention (Doc. # 24) is DENIED.

DONE this the 29th day of March, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE